**UNITED STATES of America, Appellee,**

v.

**E. Garrison ST. CLAIR, Appellant.**

**No. 857, Docket 76–1541.**

United States Court of Appeals, Second Circuit.

Argued March 17, 1977.

Decided March 17, 1977.

Opinion March 28, 1977.

Certiorari Denied June 27, 1977. See 97 S.Ct. 2976.

Douglas J. Kramer, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty. for the Eastern District of New York, and Alvin A. Schall, Asst. U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Harvey J. Michelman, New York City (Michelman & Michelman, New York City, on the brief), for appellant.

Before LUMBARD and TIMBERS, Circuit Judges, and DAVIS, Court of Claims Judge.*

PER CURIAM:

This is an appeal from convictions, after jury trial in the Eastern District, on five counts of mail fraud, 18 U.S.C. § 1341, and two counts of obstruction of justice, 18 U.S.C. § 1510. We announced our decision affirming the convictions at oral argument. Because the case does raise an issue of first impression in this court regarding the interpretation of 18 U.S.C. § 1510, and because we think the district court's instruction to the jury unduly limited the scope of the statute, we supplement our decision with a written opinion.

The defendant was charged with three counts of obstruction of justice. The relevant facts are recounted in Judge Pratt's opinion in the district court, 418 F.Supp. 201. While under investigation for mail fraud, the defendant St. Clair gave government investigators the names of three women friends of his who he said could corroborate his innocence, Evangeline Rojas, Kari Hopper, and Mary Ann Claire. The evidence at trial demonstrated that defendant then asked the women to make certain false statements on his behalf if they were contacted by the investigators. One of the women, Evangeline Rojas, went along with his suggestion and did lie to the investigators. However, the defendant was unable to persuade the other two women; his efforts at playing down the seriousness of the matter were unsuccessful with them, and they both eventually told the investigators about St. Clair's efforts to have them make false statements.

18 U.S.C. § 1510 makes it a crime to "willfully endeavor by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator." At the close of trial Judge Pratt dismissed the obstruction of justice count relating to Rojas and instructed the jury that they could convict on the other two counts only if they found that the defendant had actually made a misrepresentation to Hopper or Claire. His reasoning, set forth in his post-trial opinion, was that § 1510 applies only where a person seeking to obstruct the communication of information to an investigator has himself made a misrepresentation to a potential witness. On appeal, the defendant argues that the evidence was insufficient to support convictions on the district court's theory. We disagree. Moreover, there can be no complaint regarding the trial judge's instruction to the jury as it was unduly favorable to the defendant.

We conclude that § 1510 is violated whenever an individual induces or attempts to induce another person to make a material misrepresentation to a criminal investigator. From the legislative history of P.L. 90–123, enacted in 1967, it is abundantly clear that Congress specifically intended such cases to be covered when it included the word "misrepresentation" in § 1510. The House committee report stated:

> Your committee wishes to make abundantly clear the meaning of the term

---

* Sitting by designation.

"misrepresentation" as used in this act. *It is our intention that the actual procurement by a party of another party's misrepresentation or silence to a Federal investigator would be covered even though such procurement was not achieved by any misrepresentation.* At the same time, it is also our intention that procurement of a witness' communication or silence to a Federal investigator by means of a misrepresentation on the part of the procurer is also covered under the act.

H.R.Rep.No. 658, 90th Cong., 1st Sess., in 1967 U.S.Code Cong. & Adm.News, pp. 1760, 1762 (emphasis supplied). Subsequent House debates on whether "misrepresentation" should be omitted from the statute confirm the committee's interpretation. Thus, Representative Cromer stated that the word "misrepresentation" was included specifically in order to cover those cases where the government's failure to obtain testimony is due to a code of silence or loyalty between the potential witness and the defendant. 113 Cong.Rec. 29,404 (Oct. 19, 1967). And several opponents of inclusion complained that "[t]he misrepresentation of facts by individuals contacted by law enforcement officers is an entirely different matter from bribery, intimidation, or the use of force to obstruct criminal investigations. . . ." *Additional views of Basil L. Whitner and William L. Hungate to House Rep. No. 558,* 1967 U.S.Code Cong. & Admin.News 1765–66.[1]

Our interpretation fully comports with the language of the statute itself. To persuade or to attempt to persuade someone to lie to investigators is to "endeavor by means of . . . misrepresentation . . . to obstruct . . . the communication of information." Nothing in the statutory language requires that the misrepresentation be made by the defendant; it is enough that he may be endeavoring to obstruct justice by means of misrepresentation by a potential witness.

Finally, this reading of § 1510 is consistent with established principles of statutory interpretation as summarized in *United States v. Bass,* 404 U.S. 336, 347–48, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). The defendant has received fair warning of what is proscribed; no one would be surprised to learn that soliciting misrepresentations by potential witnesses is illegal. With the statute and its unambiguous legislative history, Congress has clearly defined the criminal activity at issue.

Implicit in the jury's verdicts of conviction under § 1510 were findings that the defendant had attempted to persuade Hopper and Claire to lie to the criminal investigators. Accordingly, our resolution of the issue of statutory interpretation disposes of the appellant's claim.

Affirmed.

---

1. The district court relied on portions of the House committee report which indicate that a principal objective of § 1510 was the protection of informants and potential witnesses. However, nothing in the report supports the district court's conclusion that this was the only purpose. The court apparently took the second sentence of the following paragraph out of context:

   This committee wishes to make it abundantly clear that this legislation cannot be used by a Federal investigator to intimidate or harass a potential witness or informant by reason of his giving false or misleading information about a criminal violation. The sole purpose of the act is to protect informants and witnesses against intimidation or injury by third parties with the purpose of preventing or discouraging the informants or witnesses from supplying or communicating information to the Federal investigator. The informants or witnesses cannot themselves be subject to prosecution under this act on account of any information they may furnish to the investigator.

H.R.Rep.No. 658, supra.